## In re GRAND JURY PROCEEDINGS.

### In re Michael F. GREENE and George W. Nesbitt, Officers of the Police Department of Charlotte, North Carolina.

#### Misc. No. 244.

United States District Court,
W. D. North Carolina,
Charlotte Division.

June 1, 1977.

Keith S. Snyder, U.S. Atty., Asheville, N.C., and Guy L. Goodwin, Sp. U.S. Atty., Washington, D.C., for the United States.

Robert F. Rush, Charlotte, N.C., for Michael F. Greene.

H. Edward Knox, Wardlow, Knox & Knox, Charlotte, N.C., for George W. Nesbitt.

ORDER HOLDING WITNESSES IN CON-TEMPT, AND ORDERING SANC-TIONS PURSUANT TO 18 U.S.C. § 6003 and 28 U.S.C. § 1826.

McMILLAN, District Judge.

The United States Attorney for the Western District of North Carolina, aided by a Special United States Attorney, is conducting an investigation before a Grand Jury into alleged illegal acts, including alleged illegal wiretapping, by Charlotte City Police.

Michael F. Greene and George W. Nesbitt, respondents, officers of the Charlotte City Police Department, were subpoenaed to testify before the Grand Jury. Both Greene and Nesbitt refused to answer questions on grounds that their testimony might tend to incriminate them.

On April 19, 1977, this court entered an order, with grave reservations stated therein, requiring the respondent witness Michael F. Greene to give testimony pursuant to the subpoena.

On May 9, 1977, a similar order was entered as to the respondent George W. Nesbitt.

Both respondents thereafter re-appeared before the Grand Jury and again refused to testify, claiming their Fifth Amendment privilege against self-incrimination.

On the 19th day of May, 1977, respondents Greene and Nesbitt appeared before this court, were again asked the questions they had previously refused to answer, and, as appears of record, again refused, respectfully, to answer the questions, claiming their constitutional right not to incriminate themselves.

In response to direct orders of court, each respondent persisted in refusal to answer the questions.

On May 27, 1977, respondents appeared and sought delay of decision on the contempt proceedings, requesting further instructions to the Grand Jury which might resolve the impasse without facing the question of sanctions. To the extent permitted by my understanding of law and procedure, I have given supplemental instructions; respondents have again appeared before the Grand Jury on May 31, 1977; and again they have declined to answer questions. As appears of record, they still claim the Fifth Amendment; and one respondent speaks of peer group pressure.

The United States has moved that respondents be punished for contempt for claiming their constitutional privileges against self-incrimination.

Given a free choice in the matter, I would refuse. Illegal wiretapping is a serious crime against personal liberty and privacy, but it is not nearly so serious as requiring someone to testify against himself, in violation of the Fifth Amendment to the United States Constitution, which says that no person

" . . . shall be compelled in any criminal case to be a witness against himself . . . "

The trouble is that in 1970 Congress passed some statutes effectively requiring trial courts to disregard the Fifth Amendment whenever a United States attorney

certifies that a witness's testimony is "necessary to the public interest . . ." and providing imprisonment for contempt if a recalcitrant witness does not testify. Those statutes, in pertinent part, are as follows:

18 U.S.C. § 6002:

"§ 6002. Immunity generally

"Whenever a witness refuses, on the basis of his privilege against self-incrimination, to testify or provide other information in a proceeding before or ancillary to—

"(1) a court or grand jury of the United States,

"(2) an agency of the United States, or

"(3) either House of Congress, a joint committee of the two Houses, or a committee or a subcommittee of either House, and the person presiding over the proceeding communicates to the witness an order issued under this part, the witness may not refuse to comply with the order on the basis of his privilege against self-incrimination; but no testimony or other information compelled under the order (or any information directly or indirectly derived from such testimony or other information) may be used against the witness in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the order."

18 U.S.C. § 6003:

"§ 6003. Court and grand jury proceedings

"(a) In the case of any individual who has been or may be called to testify or provide other information at any proceeding before or ancillary to a court of the United States or a grand jury of the United States, the United States district court for the judicial district in which the proceeding is or may be held shall issue, in accordance with subsection (b) of this section, upon the request of the United States attorney for such district, an order requiring such individual to give testimony or provide other information which he refuses to give or provide on the basis of his privilege against self-incrimination, such order to become effective as provided in section 6002 of this part.

"(b) A United States attorney may, with the approval of the Attorney General, the Deputy Attorney General, or any designated Assistant Attorney General, request an order under subsection (a) of this section when in his judgment—

"(1) the testimony or other information from such individual may be necessary to the public interest; and

"(2) such individual has refused or is likely to refuse to testify or provide other information on the basis of his privilege against self-incrimination."

28 U.S.C. § 1826:

"§ 1826. Recalcitrant witnesses

"(a) Whenever a witness in any proceeding before or ancillary to any court or grand jury of the United States refuses without just cause shown to comply with an order of the court to testify or provide other information, including any book, paper, document, record, recording or other material, the court, upon such refusal, or when such refusal is duly brought to its attention, may summarily order his confinement at a suitable place until such time as the witness is willing to give such testimony or provide such information. No period of such confinement shall exceed the life of—

"(1) the court proceeding, or

"(2) the term of the grand jury, including extensions, before which such refusal to comply with the court order occurred, but in no event shall such confinement exceed eighteen months.

"(b) No person confined pursuant to subsection (a) of this section shall be admitted to bail pending the determination of an appeal taken by him from the order for his confinement if it appears that the appeal is frivolous or taken for delay. Any appeal from an order of confinement under this section shall be disposed of as soon as practicable, but not later than thirty days from the filing of such appeal."

The Supreme Court of the United States in *Kastigar v. United States*, 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972) upheld

that statutory scheme by a 5/2 vote. It has been applied to a similar case by the Fourth Circuit Court of Appeals, *In Re Kilgo*, 484 F.2d 1215 (4th Cir. 1973).

Those decisions are binding on this court and leave it with no discretion whatever to refuse to enter the orders already entered requiring respondents to testify.

Now that respondents have disobeyed the orders of this court, the issue is sharply joined.

■ Nothing has been shown that, under pertinent decisions, amounts to "just cause" for refusal of respondents to testify. They claim no minor privilege, and that major privilege, the privilege not to give evidence against themselves, has been taken away by Act of Congress and by a divided Supreme Court. As for peer group pressure, it may be hoped that conscientious law enforcement officers will on further thought conclude that their guide must be their oath of office and the law of the land, rather than the assumed opinions and demands of their temporary comrades at arms.

Once again, constitutional rights are being destroyed because a praiseworthy end— to apprehend wiretappers—has been felt to justify destruction of human rights guaranteed by the Constitution.

If I believed in my own unfettered conscience as the rule of law, I would refuse to impose sanctions on respondents. Locking a person up for not talking is compelling him to "be a witness against himself"; it is only a small degree removed from other traditional types of torture used to make men talk, such as the rack, the saw, the screw, the water treatment, and other kinds of persuasions whose instruments are still on display in the castles and dungeons of Europe.

However, the oath of a United States judge is to "administer justice," and to "perform all the duties incumbent upon" him as a judge. Without abandoning that duty, I am unable t⌐ see how I can disregard what Congress, the Supreme Court and the Fourth Circuit Court of Appeals have done and said about cases of this sort.

Accordingly, with strong misgivings as above suggested, I find respondents in contempt of the orders of this court, and subject to sanctions for such violations.

IT IS THEREFORE ORDERED:

1. That respondents Greene and Nesbitt have wilfully, knowingly and contemptuously (albeit respectfully) violated the orders of this court and must be punished therefor.

2. That each respondent be and he hereby is ordered confined, at a place to be designated by the Attorney General of the United States, for a period of ninety days.

3. That the first thirty days of the aforesaid sentence is suspended as to each respondent for thirty days upon condition that so long as he refuses to give evidence respondent pay in advance a fine of $200.00 for each day he remains at liberty during such period.

4. That at such time during imprisonment as either respondent shall indicate in writing to the District Attorney or to his jailor that he is willing to give evidence as called for by the Grand Jury subpoena, his remaining period of confinement (a) shall immediately be suspended temporarily pending the taking of his testimony; and (b) shall be suspended permanently if in fact he does answer all questions posed before the Grand Jury. The court reserves the option to return any fines previously paid if such testimony is given.

5. This entire order is stayed for five days to allow notice of appeal.

6. If appeal is taken, the court will decline to hold such appeal frivolous or taken for purpose of delay. No bail bond will be required pending such appeal.

7. The attention of all counsel is directed to the fact that the last regular one week session of the Fourth Circuit Court of Appeals before September commences in Richmond, Virginia, on June 6, 1977, and that prompt action regarding any appeal may be necessary if the thirty-day deadline of 28 U.S.C.A. § 1826 for disposing of such appeal is to be met.